9179

## MANUFACTURERS FINANCE CO. v. DYCHES.

### (86 S. E. 1.)

CONTRACTS. SALES. PLEADINGS. AMENDMENT. CONTINUANCE.

1. SALES—AMENDMENT OF PLEADINGS.—Where a complaint alleges a sale upon written order, and testimony showed sale was not made in compliance with such order, but upon a subsequent modification thereof, and that the goods so sold were received and accepted by the purchaser, an amendment alleging such modification or change in the order, and receipt and acceptance of goods, was properly allowed after plaintiff had closed its testimony, in order to conform the pleadings to the proof.

2. CONTINUANCE.—Where an amendment is allowed at trial to conform the pleadings to the proof of facts well known to the adverse party, and which he should have been then, if ever, ready to meet or explain, the refusal of a continuance, on the alleged ground that the amendment changed the nature of the action and operated as a surprise, was proper.

Before BOWMAN, J., Aiken, October, 1914.    Affirmed.

Action by Manufacturers Finance Company against H. P. Dyches. From judgment for plaintiff, defendant appeals. The facts are stated in the opinion.

*Mr. William M. Smoak,* for appellant, submits: *Testimony was inadmissible:* 85 S. C. 493; Starkey, Ev. 648; 9 Enc. Ev. 487; 27 S. C. 276; 4 Camp. 22; 12 East. 10; 15 Mees. & W. 560; 3 Camp. 426; 2 Strob. 122; 1 McC. Ch. 490; 59 S. C. 581. *Amendment changed original cause of action:* 79 S. C. 273; 81 S. C. 574; Code Civil Proc. 224; 63 S. C. 311; 83 S. C. 557; 31 S. C. 337; 26 S. C. 415; 51 S. C. 418; 26 S. C. 415; 31 S. C. 204; 24 S. C. 165; 21 S. C. 221; 21 S. C. 226; 55 S. C. 99; 68 S. C. 409; 87 S. C. 239; 91 S. C. 551. *Refusal of continuance:* 13 S. C. 397; 24 S. C. 430; 32 S. C. 117; 92 S. C. 299; 93 S. C. 76; 96 S. C. 18; 13 S. C. 491; Bail. Eq. 181; 16 S. C. 231; 69 S. C. 224.

*Messrs. Davis & Croft* and *Croft & Croft,* for respondent, cite: *Admission of testimony:* 75 S. C. 46; 48 S. C. 321; 91 S. C. 907. *Amendment:* 16 S. C. 234; 96 S. C. 18; 68 S. C. 567; 87 S. C. 240; 7 S. C. 60; 4 Cyc. 62-67, 108. *Exercise of judicial discretion:* 41 S. C. 549; 94 S. C. 17; 93 S. C. 495; 83 S. C. 68.

August 25, 1915.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages for goods sold and delivered.

The allegations of the complaint material to the questions involved, are as follows:

"That on the 10th day of January, 1912, the defendant in writing, ordered from the Brown Wagon Company, of Macon, Georgia, then a corporation engaged in the manu-

facture and sale of wagons, etc., a bill of goods amounting to $1,557, which bill of goods is more fully set out by the itemized statement hereto attached and made a part of this complaint. That the goods so ordered were, in due time, shipped the defendant, as per his written order, and were duly received by him, and for which he, in said order, agreed to give the Brown Wagon Company his promissory note for the full amount thereof, $1,557, due November 15, 1912.

That the defendant failed and refused to give the said Brown Wagon Company his note as promised, and although the account is long since past due and payable, and frequent demands have been made on him for payment, no part thereof has been paid.

That before the said account was due and payable, the said Brown Wagon Company, for valuable consideration, duly assigned and transferred the same to this plaintiff, and it is now the owner thereof."

The defendant in its answer denied certain allegations of the complaint, and says:

"Defendant admits that he purchased certain wagons, etc., but he alleges that said wagons, when delivered, were not of the quality, quantity and description as contracted for; that they were inferior, short in the shipment of their parts, unmerchantable, and because of the seller's carelessness, negligence and breach of contract in the sale of the said goods, defendant has been greatly damaged, overreached, overcharged and otherwise damaged in the sum of six hundred ($600) dollars."

At the close of plaintiff's testimony, it made a motion to amend the complaint by changing the allegations so as to read as follows:

"That on the 10th of January, 1912, the defendant, in writing and orally, and by the acceptance and use of goods, ordered from the Brown Wagon Company, of Macon, Ga., then a corporation engaged in the manufacture and sale of wagons, etc., a bill of goods amounting to $1,557, which bill

of goods is more fully set out by the itemized statement hereto attached and made a part of this complaint. That the goods so ordered were in due time shipped the defendant and were duly received and accepted by him, and for which he agreed to pay the Brown Wagon Company, the value thereof, the amount of $1,557, and promised to give his note due November 15, 1912, for a portion thereof, and to pay the balance thereon in a reasonable time."

The defendant's attorney objected to "so much of the amended portion of the complaint, as refers to an oral order, upon the ground that there is not any testimony introduced on the part of the plaintiff, to support the same."

His Honor, the presiding Judge, allowed the amendment, whereupon the defendant's attorney made a motion for a continuance; that it changed the nature of the cause of action and took him by surprise.

The plaintiff introduced in evidence the following instrument of writing:

"The Brown Wagon Company, Macon, Ga.

Dated January 10, 1912.

Please ship about at once, or as soon thereafter as possible, to H. P. Dyches, Aiken, S. C.:

| Quality. | Price Each. | Salesmen Must Not Use These Columns. |
|---|---|---|
| 7 | $29 00 | 203 00 |
| 7 | 30 00 | 210 00 |
| 2 | 48 00 | 96 00 |
| 4 | 49 50 | 198 00 |
| 4 | 50 50 | 202 00 |
| 1 | 51 50 | 51 50 |
| | | 960 50 |

1 side 14x8 inches; 1 side 12x10 inches, make change in office. Stencil Wagons sold by H. P. Dyches, Aiken, S. C. Terms net f. o. b. Aiken.

To agree to give note due Nov. 15,-12, for full account. Remarks: Two Ga poles free.

No agreement or understanding with agents will be recognized unless so stated in this order. Insist on a copy of this order.

The title to all goods shipped on this order, and also all goods hereafter shipped to the maker of this order shall be and remain in the Brown Wagon Co., until they receive the money therefor.

This order is taken subject to the approval of the Brown Wagon Co., at their office in ·Macon, Ga. Signed H. P. Dyches, Purchaser. O. L. Etheridge, Salesman."

On the 10th of February, 1912, the defendant wrote the following letter to the Brown Wagon Co.:

"Your car of wagons received, and find. that you have shipped me eleven more wagons than you had my order for; also I notice that your invoice price is more per wagon than I obligated to pay when ordering, as I have my duplicate order to show.

I see that you have failed to ship me your Georgia poles, which Mr. Etheridge agreed to put in free of charge, and also some wagon parts, which had from times been short and broken in other cars.

So it will be impossible for me to give you my note, until we have straightened this matter out, and parts shipped to me as promised."

On the 15th of March, 1912, the defendant wrote another letter to the Brown Wagon Co., in which he stated: * * * "If you will give me a discount on the wagons, might perhaps handle them."

It will be seen from the foregoing, that the controversy arose principally out of the fact that thirty-six instead of twenty-five wagons were shipped to the defendant.

The defendant did not return any of the wagons, but kept the entire thirty-six.

The jury rendered a verdict in favor of the plaintiff, and the defendant appealed.

When the Brown Wagon Co. received the order for the wagons therein mentioned, it did not comply with the terms of the proposed contract, which was subject to its approval, but shipped eleven extra wagons. Whereupon, the defendant refused to execute the note in payment of the twenty-five wagons, described in the order. Therefore, the cause of action could not properly be said to be based upon the contract embodied in said order. The amendment was in no respect prejudicial to the rights of the defendant, and the exceptions raising this question are overruled.

Nor can the exception assigning error in the refusal to grant the motion for a continuance be sustained, as the defendant well knew that he had retained all the wagons, and should have been prepared to show why he should not pay for them, if he had any good reason why he should not pay the plaintiff's claim.

Appeal dismissed.